# EXHIBIT A

## GENERAL RELEASE AND SETTLEMENT AGREEMENT

Bonnie C. Mangan, in her capacity as Chapter 7 Trustee for the bankruptcy estate of Integrity Graphics, Inc. ("Plaintiff") and Capital One Bank (USA), N.A. and Capital One, N.A. ("Capital One") (together, the "Parties") hereby enter into this General Release and Settlement Agreement ("Agreement") as a full and final compromise and settlement of all matters covered by the general release set forth below, including but not limited to, all claims alleged in or relating to the bankruptcy case filed in the United States Bankruptcy Court for the District of Connecticut as Case No. 17-21513 (the "Bankruptcy Case") and the matter styled *Bonnie C. Mangan, Chapter 7 Trustee for Integrity Graphics, Inc. v. Capital One, N.A. and Capital One Bank (USA), N.A.*, Adversary Proceeding No. 19-02028 (the "Action") relating to a Capital One credit card account (the "Account").

### 1. CONSIDERATION

In consideration of the mutual covenants set forth herein and for other good and valuable consideration, the adequacy, sufficiency and receipt of which is hereby acknowledged, the Parties agree as follows:

a. <u>Actions Required of Plaintiff</u>. Plaintiff agrees to do the following no late than five (5) days after the Motion for Approval of Settlement Agreement is filed with the Court:
   i. Plaintiff will deliver to Capital One an original copy of this Agreement executed by Plaintiff;
   ii. Plaintiff will complete and return to Capital One a W-9 form together with information required to process the Automated Clearing House Network transfer (the "ACH transfer"), including Bank name, bank routing number and back account number;
   iii. Plaintiff will return the executed copy of this Agreement and all other documents relating to the dismissal to the following "Designated Representative": Aliza

1

Malouf, Hunton Andrews Kurth LLP, 1445 Ross Avenue, Suite 3700, Dallas, TX 75202 by electronic mail.

b. <u>Actions Required of Capital One</u>. Capital One agrees to do the following prior to the day on which the Motion for Approval of Settlement Agreement is set to be heard by the Court provided that Plaintiff executes this Agreement and returns the same to the Designated Representative along with a copy of Plaintiff's W9 and ACH Transfer information, as set forth above:

   i. As a full and complete settlement of all claims of the Plaintiff, the Debtor, or the bankruptcy estate of Integrity Graphics, Inc. (the "Estate") against Capital One including any claims for attorneys' fees or costs, Capital One agrees to pay the Plaintiff the total amount of Eleven Thousand and 00/100 dollars ($11,000.00) ("Settlement Amount") via ACH Transfer.

   ii. The Settlement Amount is part of the consideration for this Agreement and the terms herein, including, but not limited to, the releases set forth herein.

## 2. GENERAL RELEASE

Plaintiff, Bonnie C. Mangan, on behalf of the Estate and all of its past, present, and future agents, representatives, administrators, trustees, executors, heirs, devises, predecessors, successors, and assigns, (the "Settling Plaintiffs") hereby releases and forever discharges Capital One Bank (USA), N.A.; Capital One, N.A.; Capital One Financial Corporation; Capital One Services, LLC; and each of their respective past, present, and future employees, stockholders, officers, directors, partners, agents, brokers, contractors, servants, affiliates, subsidiaries, parents, departments, divisions, insurers, attorneys, predecessors, successors and assigns (collectively, the "Settling Defendants"), and each of them, jointly and severally, from any and all claims or counterclaims, causes of action, remedies, damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings of whatever kind or nature,

whether at law, equity, administrative, arbitration or otherwise, relating to the alleged preferential transfers or any claims alleging fraudulent transfers made on the Account that is the subject of the Action or that the Settling Plaintiffs have or may have against the Settling Defendants resulting from the July 7, 2017 secured party sale in which the Debtor's assets and operations were sold, or for attorneys' fees or costs related thereto.

The Settling Defendants hereby release and forever discharge the Settling Plaintiffs jointly and severally, from any and all claims or counterclaims, causes of action, remedies, damages, liabilities, debts, suits, demands, actions, costs, expenses, fees, controversies, set-offs, third party actions or proceedings of whatever kind or nature, whether at law, equity, administrative, arbitration or otherwise, relating to the alleged preferential transfers or any claims alleging fraudulent transfers made on the Account that is the subject of this Action or for attorney's fees or costs relating thereto. The Settling Defendants further release any claims that they might otherwise have had against the Estate under Section 502(h) of the Bankruptcy Code by virtue of the payment made herein.

### 3. OWNERSHIP/AUTHORITY

Plaintiff represents and warrants that: (i) upon the Court granting the Motion for Approval of Settlement Agreement and the passing of any applicable appeal periods without the filing of an appeal from that order, the Plaintiff will be duly authorized to enter into this Agreement and may lawfully bind the Estate; and (ii) Plaintiff has not sold, pledged, encumbered, or otherwise disposed of, in whole or in part, voluntarily or involuntarily, any of the claims released in the general release above.

## 4. TAX CONSEQUENCES

Plaintiff acknowledges and agrees that Capital One may issue one or more 1099 Forms in accordance with federal law related to debt incurred by the Debtor but not paid and/or payments or credits made by Capital One to or for the benefit of Debtor, the Estate, Plaintiff and Plaintiff's counsel pursuant to this Agreement. Plaintiff agrees that the Estate is solely responsible for any and all potential and/or actual tax liability of the Estate that may result from this Agreement.

## 5. CONFIDENTIALITY

Except to the extent required to obtain Bankruptcy Court approval under Fed. R. Bankr. P. 9019, Plaintiff and Plaintiff's counsel represent and warrant that they have not publicized the details of this settlement. With respect to the Action, the settlement, this Agreement, and the facts and circumstances underlying the Action, the settlement, and this Agreement, Plaintiff and Plaintiff's counsel agree not to initiate contact with or otherwise respond to inquiries from the media, nor will they issue press releases, public statements, or otherwise publicize same via social media, or in any other fashion or media. Plaintiff acknowledges that confidentiality is a material inducement to Capital One entering into this Agreement.

## 6. DISCLAIMER OF LIABILITY

Capital One expressly denies liability in connection with the claims Plaintiff has made, and this Agreement and the performances provided hereunder are made and assumed for the compromise and settlement of disputed claims and are not, and shall not be construed to be, an admission of liability, an admission of the truth of any fact, or a declaration against interest on the part of Capital One or any of the other Released Parties.

## 7. LEGAL ADVICE

All Parties represent and warrant that they have or had the opportunity to obtain the advice of counsel of their choice, and/or such other persons as they may have deemed appropriate; that they have carefully read and fully understand all of the terms of this Agreement, including the general release and obligations contained herein; and that they enter into this Agreement voluntarily.

## 8. CHOICE OF LAW AND WAIVER

This Agreement is to be construed in accordance with and governed by the laws of the United States of America and by the internal laws of the State of Connecticut without giving effect to any choice of law rule that would cause the application of the laws of any jurisdiction other than the laws of the United States of America or the internal laws of the State of Connecticut to the rights and duties of the parties.

Any failure to enforce any terms or conditions of this Agreement by any of the Parties shall not constitute a waiver of any right to assert any of the terms and conditions of this Agreement.

## 9. SUCCESSORS AND COUNTERPARTS

This Agreement shall be binding upon and inure to the benefit of the Parties and their agents, next of kin, executors, administrators, legal representatives, successors and assigns. This Agreement may be executed in counterparts, and may be executed by facsimile, and as so executed shall constitute one agreement.

## 10. ENTIRE AGREEMENT AND SEVERABILITY

This Agreement reflects the entire agreement by and between the Parties, and no statement, promise or inducement that is not contained herein shall be valid and binding. If any provision or portion of this Agreement is held invalid, void or unenforceable under any applicable statute

or rule of law, only that provision, or portion thereof, shall be deemed omitted from this Agreement, and only to the extent to which it is held invalid, and the remainder of the Agreement shall remain in full force and effect.

**IN WITNESS WHEREOF**, the Parties sign below indicating their intent to be bound by all of the terms and conditions of this Agreement.

_____
Bonnie C. Mangan, Chapter 7 Trustee for the
Bankruptcy Estate of Integrity Graphics, Inc.


_____
**Capital One Bank (USA), N.A. and Capital One, N.A.**
By: Brent M. Timberlake
Its: Vice President, Sr. Associate General Counsel